Daniel T. Quinn (8211141)
Marc G. Wilhelm (8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953

Attorneys for Plaintiff Marathon Oil Company


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>               Plaintiff,<br><br>   v.<br><br>FOREST OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA, and CHEVRON CORPORATION,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____ |

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

### COMPLAINT

Plaintiff, Marathon Oil Company, by and through counsel, Richmond & Quinn, for its complaint in this matter pleads against the defendants as follows:

### Parties

1.  Plaintiff Marathon Oil Company ("Marathon") is an Ohio corporation with its principal place of business in

Houston, Texas. Marathon is a company engaged in the exploration for and production of natural gas and oil, including in the Cook Inlet Region of Alaska. Marathon is in good standing with the State of Alaska and has paid all taxes and made all filings with the State of Alaska necessary to bring this action.

2. Defendant Forest Oil Corporation ("Forest Oil") is a New York corporation with its principal place of business in Denver, Colorado. Forest Oil is actively engaged in the exploration and development of oil and natural gas in the Cook Inlet Region of Alaska.

3. Defendant Union Oil Company of California, d/b/a Unocal Alaska ("Unocal") is a California corporation with its principal place of business in El Segundo, California. Unocal is likewise involved in the exploration and development of oil and natural gas in the Cook Inlet Region of Alaska.

4. Defendant Chevron Corporation ("Chevron") is a California corporation with its principal place of business in San Ramon, California. Chevron acquired Unocal in 2005 by way of a merger of the corporations. Upon information and belief, Chevron has succeeded to Unocal's interests, obligations, and

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

liabilities with respect to Unocal's Cook Inlet, Alaska operations.

## Jurisdiction and Venue

5.    This court has subject matter jurisdiction over this action for the reason that there is complete diversity of citizenship.    The plaintiff and defendants are citizens of different states within the meaning of 28 U.S.C. 1332(a) and (c), and the amount in controversy exceeds $75,000.    In addition this court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. 2201(a).

6.    This court has personal jurisdiction over the defendants because they are present in this district and conduct substantial business on a regular basis in this district.

7.    Venue is proper in the District of Alaska under 28 U.S.C. 1391.  This action relates to oil and gas operations that are situated in the Cook Inlet Region, which is located in this district.  All defendants conduct substantial business operations in this district, and the events or omissions giving rise to this action, and the property that is the subject of this action, are situated in this district.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## Allegations Common to All Claims

8. Marathon owns working interests in offshore gas leases located in Cook Inlet, Alaska. Forest Oil and Unocal/Chevron also own working interests in offshore oil and gas leases located in Alaska's Cook Inlet. This complaint relates to production from those leases through the Steelhead production platform, likewise located in Cook Inlet, Alaska.

9. The Steelhead platform was constructed by Marathon and Unocal in the 1980s and is owned by them, with Marathon having a majority ownership interest in the platform. From the time that the Steelhead platform was placed into operation, in the 1980s, both Marathon and Unocal have used the platform to support their operations. Both oil and natural gas wells have been drilled from the Steelhead platform and both oil and natural gas are produced from the platform. Until 1996, both Marathon and Unocal owned working interests in the oil and gas leases underlying the platform and produced both oil and natural gas at the Steelhead platform.

10. In 1996, Marathon sold its interests in the oil leases underlying the Steelhead platform to Forcenergy, Inc. Forcenergy, Inc. was subsequently acquired by Forest Oil.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Marathon retained its interest in its gas leases underlying the platform.  Currently, and at all times relevant to this complaint, Unocal/Chevron owns a 53.20% working interest ownership and Forest Oil owns a 46.80% working ownership interest in the oil leases serviced by the Steelhead platform. Marathon owns a 51.20% working ownership interest and Unocal/Chevron owns a 48.80% interest in the natural gas leases serviced by the Steelhead platform.

11.  The operation of the Steelhead platform is subject to the Unit Operating Agreement, Trading Bay Unit, Cook Inlet Alaska ("Unit Operating Agreement").  The original agreement was entered into in 1967, and the agreement has been modified from time to time by amendments and supplemental agreements.

12.  The Unit Operating Agreement governs the operation and development of the Trading Bay Unit Area. Within the unit area are a number of Working Interest Participating Areas ("WIPAs").  Ownership of the different WIPAs within a unit may vary.  With respect to the Steelhead platform, oil and natural gas are produced from different WIPAs, with the gas production from the Steelhead platform coming from a WIPA known as the Grayling Gas Sands WIPA.  The

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

working ownership interests of the WIPAs served by the Steelhead platform are as set forth in paragraph 10 above.

13. Pursuant to the terms of the Unit Operating Agreement, Unocal/Chevron is the operator of the unit. It is also the operator of the Steelhead platform. As such, it manages and operates the platform on behalf of itself, Marathon, and Forest Oil. Its rights and duties as an operator include incurring costs necessary to the operation of the platform, subject, however, to the provisions of the Unit Operating Agreement and the amendments and exhibits incorporated into the agreement, and other agreements.

14. Unocal/Chevron's duties as operator are set forth in the Unit Operating Agreement, and include billing costs associated with the operation of the platform to the users of the platform, including itself, Marathon, and Forest Oil. This allocation of costs is governed by the Unit Operating Agreement, including the accounting procedures incorporated therein.

15. Under Section 10.2.A of the Unit Operating Agreement, cost incurred in the development and operation of a WIPA shall be borne by the parties to that WIPA. Accordingly,

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

between owners of a WIPA, costs are borne upon the basis of their respective ownership percentage of that WIPA.

16. Pursuant to Section 16.3 of the Unit Operating Agreement, upon use of a platform or other production facility subject to the agreement, a fair and equitable apportionment of costs shall be made to the parties to the agreement.

17. Under Section 19.1 of the Unit Operating Agreement, costs incurred for the benefit of a WIPA shall initially be paid by the operator. Each party is then required to reimburse the operator for its share of such costs. Pursuant to this section, all charges, credits, and accounting shall be in accordance with Exhibit "C" to the Unit Operating Agreement. These procedures are known within the industry as the COPAS provisions or COPAS procedures.

18. Until Marathon's sale of its oil lease interests in 1996, and continuing on throughout 2001, production costs for the Steelhead platform were allocated between the oil WIPAs and the natural gas WIPA serviced by the platform using a methodology known as "total fluids." Under this methodology, the production costs necessary to produce oil and natural gas, respectively, were allocated in proportion to the total fluids produced by the oil and gas

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

wells respectively. Use of the total fluids methodology was discussed between, agreed to, and accepted by both Marathon and Unocal.

19.    Under the total fluids methodology, the fluids chargeable to owners of oil and gas interests respectively are the total of Barrels of Oil Equivalent ("BOE") production of oil or gas, plus the water that was produced together with the oil or gas, respectively.   Costs are allocated to owners in proportion to the fluids charged to that owner.

20.    Unlike with gas production, the oil that is pumped on the Steelhead platform includes as a by product large amounts of water, which must then be processed.   Given that the costs of the operation of a platform relate to amount of fluids produced in the operation, the total fluids method equitably allocated costs between the platform's oil and gas production, as required by the Unit Operating Agreement and other agreements of the parties.

21.    Marathon and Unocal, among others, entered into a Second Supplemental Agreement To Unit Operating Agreement, Trading Bay Unit, dated May 26, 1969, relating to, among other matters, allocation of costs for use of facilities owned by the parties for the development of zones or pools other than

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

the Hemlock zone.    In the Second Supplemental Agreement, Section VI, Unocal and Marathon, among others, agreed to apply the total fluids methodology to the allocation of operating costs covered by the agreement.

22. Section VI of that agreement states, "Operating expenses of a facility shall be borne and paid on a thru-put basis, i.e., each owning or renting party or WIPA, as the case may be, shall bear and pay monthly the proportion of such operating expenses which the total volume of fluids produced or transported or handled through or by means of such facility bears to the total volume of all such fluid produced or transported or handled through or by means of such facility by all parties or WIPAs, as the case may be."

23. Marathon and Unocal entered into a Third Supplemental Agreement To Unit Operating Agreement, Trading Bay Unit, dated June 1, 1994, relating to, among other matters, allocation of costs for use of facilities owned by the parties for the use or purchase of drilling slots and other facilities owned by the parties on the Steelhead platform for the development of pools and zones other than the Grayling Gas Sands WIPA.    In the Third Supplemental Agreement, Section VI, Unocal and Marathon agreed to apply the total

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

fluids methodology to the allocation of operating costs covered by the agreement.

24. Section VI of the Third Supplemental Agreement likewise requires that "Operating expenses of a facility shall be borne and paid on a thru-put basis, i.e., each owning or renting party or WIPA, as the case may be, shall bear and pay monthly the proportion of such operating expenses which the total volume of fluids produced or transported or handled through or by means of such facility bears to the total volume of all such fluid produced or transported or handled through or by means of such facility by all parties or WIPAs, as the case may be."

25. With respect to the Unit Operating Agreement relating to the Steelhead platform, by entering into the above two contracts, other agreements, and/or by course of performance and course of dealing, Unocal and Marathon contractually agreed to use the total fluids methodology to allocate costs among the oil and gas WIPAs served by the Steelhead platform.

26. Without a vote of the owners or users of the Steelhead platform, and without notice to or agreement by Marathon, Unocal changed the accounting procedure and

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

methodology for allocating costs between oil and gas production on the Steelhead platform for the period January 2002 forward. Under the revised accounting methodology, water production was excluded from the cost allocation, so that costs were allocated on total BOE only. Unocal/Chevron used this revised methodology for the entire period 2002-2005. Unocal/Chevron continues to use an use an unapproved and wrongful methodology, including up to the filing of this Complaint.

27. Unocal changed the accounting methodology regarding allocation of costs without notice to Marathon or agreement from Marathon. Marathon did not become aware of the revised methodology until May 2003, when it was conducting an audit of Unocal's 2002 cost allocations.

28. A significant part of the costs of producing oil are water production costs, i.e., cost related to water that is pumped from the oil well together with the oil. As a result of Unocal/Chevron's exclusion of water production from the revised allocation methodology, Marathon, as a natural gas producer, was forced to pay for substantial operating costs that are associated with oil production and not gas production. The change of allocation methodology resulted in

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

shifting a significant amount of Steelhead production costs from oil production to gas production.

29. Forest Oil wrongfully benefited from the change in allocation methodology. As a result of the change in methodology, Unocal/Chevron has billed Forest Oil, and Forest Oil has been permitted to pay, approximately $3 million less in costs for the 2002-2005 time period than it should have paid, had the correct cost allocation methodology been applied. Forest Oil continues to pay less than it should pay under a correct and properly approved allocation methodology. Unocal/Chevron also wrongfully benefited from the change in allocation methodology, but to a lesser degree than Forest Oil, because it has a working interest in both oil and gas production on the platform. For the time period beginning January 1, 2002, Unocal/Chevron also paid less in costs than it should have paid. Unocal/Chevron continues to pay less than it should pay under a correct and properly approved allocation methodology. The exact amount of overpayment by Marathon, and underpayment by Unocal/Chevron and Forest Oil, will be proven at trial.

30. Pursuant to the agreement of the parties to the Unit Operating Agreement, disagreements regarding billing for

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

costs are governed in part by the COPAS provisions. These COPAS provisions require that the party disagreeing with the operator's allocation or charge of costs to file an exception, which is then reviewed by the parties pursuant to COPAS agreements. Marathon has exhausted its remedies under the COPAS procedures with respect to the allocation of cost issue.

31. As a result of a Marathon audit of Unocal billings, Marathon wrote an exception, Exception Number 16, Marathon Oil Company, Preliminary Audit Exception, Audit 2003-7857, dated May 25, 2003 ("Exception No. 16"), based on Unocal's change in cost allocation methodology, and the resulting wrongful reallocation of oil production costs to Marathon. Marathon stated and explained in the exception that, "[B]y now excluding water production in the allocation methodology, Unocal has given [Marathon] financial exposure relative to the production, processing and water injection of the oil reservoirs on the Steelhead platform." Forest Oil has also been provided notice regarding Marathon Exception No. 16.

32. Unocal/Chevron has neither formally accepted nor rejected Exception No. 16. Neither Chevron/Unocal nor Forest Oil have paid or agreed to pay Marathon for the expenses covered by Exception No. 16. Moreover,

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Unocal/Chevron has made clear that further negotiation or discussion will not cause it to accept Exception No. 16. Accordingly, further discussions or negotiations relating to the exception would be futile.

33. Unocal/Chevron continued to employ the improper expense allocation adopted in 2002 continuously through December 31, 2005. Upon understanding and belief, Unocal changed the accounting methodology for the period beginning January 1, 2006. However, Unocal/Chevron's new accounting methodology is improper because it does not employ the total fluids methodology or fairly and equitably allocate platform costs, and has not been agreed to by Marathon. Accordingly, for the entire period beginning January 1, 2002 and up to and after the date of the filing of the Complaint, expenses related to the production of oil on the Steelhead platform continued to be wrongfully allocated to Marathon.

### Count I
### Claims Against Unocal/Chevron
### Breach of Contract

34. The allegations in paragraphs 1 through 33 of this Complaint are incorporated and alleged herein by reference.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

35. Under Section 4.1 of the Unit Operating Agreement, the parties to the agreement exercise supervision and control over the operator of all matters pertaining to the operations under the Unit Operating Agreement. Under Section 5.3 of the Unit Operating Agreement, the parties chargeable with costs of an operation shall have the right to vote on costs related to the operation of the unit. Unocal changed the allocation of costs between the oil and natural gas WIPAs without vote, and without notice to or approval by Marathon, in breach of the Unit Operating Agreement.

36. Unocal had a duty and obligation under the Unit Operating Agreement and other agreements entered into by the parties to fairly and equitably apportion the costs of operating the wells on the Steelhead platform among the users of the platform, including among the oil and gas WIPAs served by the platform.

37. Unocal further agreed to allocate costs fairly and equitably among the users of the Steelhead platform by using the total fluids methodology. It accordingly had a continuing duty and obligation to use this methodology.

38. Unocal breached its contractual obligations to Marathon by abandoning the use of the total fluids methodology

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

in 2002, and by continuing the use of unauthorized allocation methodology up to and after the filing of this complaint.

39. The agreements between Unocal and Marathon, including the Unit Operating Agreement, contain an implied covenant of good faith and fair dealing. Unocal and Forest Oil discussed and agreed to a change in the methodology for allocating operating costs without notice to or the involvement of Marathon. Unocal's actions, set forth above, breached the covenant of good faith and fair dealing.

40. Marathon has been damaged by Unocal's breaches of contract set forth above in an amount exceeding $100,000, the exact amount to be proven at trial.

### Count II
### Claims Against Unocal/Chevron
### Unjust Enrichment/Restitution

41. The allegations in paragraphs 1 through 40 of this Complaint are incorporated and alleged herein by reference.

42. As a result of Unocal/Chevron's 2002 change in cost allocation methodology, costs related to the production of oil on the Steelhead platform were and continue to be inequitably and improperly transferred from Unocal/Chevron and Forest Oil to Marathon. Unocal/Chevron's billings to itself,

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2853

**COMPLAINT**
MARATHON OIL v. FOREST OIL, ET AL.
PAGE 16 of 23

since January 1, 2002, accordingly did not require Unocal/Chevron to pay costs related to the production of oil on the Steelhead platform it, as a matter of contract, law, and equity should have been required to pay.

43. Unocal/Chevron has been unjustly enriched, and Marathon has been damaged, by Unocal/Chevron's improper billings. Marathon has been required to pay costs and expenses for the operation of the oil production on the Steelhead platform that should have been billed to and paid by Unocal/Chevron. Unocal/Chevron should be required to pay Marathon the amounts by which it has benefited, and Marathon has been damaged as a result of the improper billings for Steelhead platform costs, in an amount exceeding $100,000, the exact amount to be proven at trial.

### Count III
### Claims Against Forest Oil
### Breach of Contract

44. The allegations in paragraphs 1 through 43 of this Complaint are incorporated and alleged herein by reference.

45. In 1996, Marathon entered into the Purchase and Sale Agreement By and Between Marathon and Forcenergy Inc., dated December 12, 1996 ("Purchase and Sale Agreement").

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Pursuant to this agreement Marathon sold its interest in the oil leases served by the Steelhead platform to Forcenergy, Inc. Forest Oil subsequently acquired Forcenergy, Inc., including the oil lease interests Marathon sold to Forcenergy, Inc. Forest Oil succeeded to and is bound by the terms of the Purchase and Sale Agreement.

46. Pursuant to Section 10 of the Purchase and Sale Agreement, and pursuant to the Unit Operating Agreement, Forest Oil is responsible for all necessary and reasonable expenses incurred for the operation of the oil lease interests acquired.

47. Pursuant to Paragraph 12 of the Purchase and Sale Agreement, Forest Oil has the duty to perform, pay for and comply with the obligations of the seller relating to the property. These duties include the duty to pay for the operation expenses related to oil production on the Steelhead platform. The obligation that Forest Oil assumed to pay was to pay costs pursuant to the total fluids methodology.

48. Forest Oil breached its agreement and obligation to pay all reasonable and necessary expenses related to the Steelhead platform by not paying Unocal/Chevron

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

and/or Marathon expenses related to the production of oil on the Steelhead platform.

49. The agreements between Unocal and Forest Oil, including the Unit Operating Agreement, contain an implied covenant of good faith and fair dealing. Unocal and Forest Oil discussed and agreed to a change in the methodology for allocating operating costs for the Steelhead platform without notice to or the involvement of Marathon. Forest Oil's actions, set forth above, breached the covenant of good faith and fair dealing.

50. Marathon has been damaged as a result of Forest Oil's breach of its contractual and legal obligations since January 1, 2002, in an amount in excess of $100,000, the exact amount to be proven at trial.

### Count IV
### Claims Against Forest Oil
### Unjust Enrichment/Restitution

51. The allegations in paragraphs 1 through 50 of this Complaint are incorporated and alleged herein by reference.

52. As a result of the Unocal/Chevron's 2002 change in the cost allocation methodology, costs related to the production of oil on the Steelhead platform were inequitably

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

and improperly transferred from Forest Oil to Marathon. Unocal's billings to Forest Oil since January 1, 2002 did not request Forest Oil to pay costs related to the production of oil on the Steelhead platform that Forest Oil, as a matter of contract, law and equity, should have been required to pay.

53. Forest Oil has been unjustly enriched, and Marathon has been damaged by Unocal/Chevron's improper billings. Marathon has been required to pay costs and expenses for the operation of the oil production on the Steelhead platform that should have been billed to and paid by Forest Oil. Forest Oil should be required to pay Marathon the amounts by which it has benefited, and Marathon has been damaged as a result of the improper billings for Steelhead platform costs.

**Count V**
**Claim Against All Defendants**
**Accounting**

54. The allegations in paragraphs 1 through 53 of this Complaint are incorporated and alleged herein by reference.

55. Marathon requests this court perform an accounting of the amounts Marathon has overpaid, and Forest Oil and Unocal/Chevron have underpaid, for the operating costs

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2853

of the Steelhead platform for the year 2002 and thereafter, and that the court award it a judgment in the amount determined to be due and owing pursuant the accounting.

### Count VI
### Claim Against All Defendants
### Declaratory Relief

56.    The allegations in paragraphs 1 through 55 of this Complaint are incorporated and alleged herein by reference.

57.    There is a matter of actual controversy between Marathon and defendants regarding the proper methodology for allocation of costs between the oil and gas operations on the Steelhead platform.

58.    The parties' disagreement relating to the allocation of costs is a continuing controversy for the period beginning with the year 2002, and continuing until the filing of the Complaint and thereafter. A declaration of the parties' rights immediately will allow the resolution of the entire controversy with expediency and economy.

59.    Marathon requests that this court determine and declare the respective rights and obligations of the parties with respect to the controversy at issue, i.e., the allocation of costs between oil and gas interests on the Steelhead

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

platform.    In particular, Marathon requests a ruling that, pursuant to the agreements of the parties, the proper methodology for allocation of costs is the "total fluids" methodology, and that all parties are required to apply that methodology the allocation of costs on the Steelhead platform.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for an award of damages, judgment, and other relief, as follows:

1.    For a judgment against defendants Unocal and Chevron in an amount exceeding $100,000, the exact amount to be proven at trial;

2.    For a judgment against defendant Forest Oil in an amount exceeding $100,000, the exact amount to be proven at trial;

3.    For an accounting regarding the amount owed by Forest Oil and Unocal/Chevron regarding Steelhead operating costs, and a judgment against Forest Oil and Unocal/Chevron in the amount found owing by the accounting.

4.    For a declaration of the parties' rights and obligations;

5.    For prejudgment interest, as allowed by law or contract;

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

COMPLAINT
MARATHON OIL v. FOREST OIL, ET AL.
PAGE 22 of 23

6.    For its costs and attorney fees;

7.    For such other relief as the court may judge to be just and equitable.

DATED this _3_ day of May, 2006, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Plaintiff
MARATHON OIL COMPANY

By: _____
Daniel T. Quinn
Alaska Bar No. 8211141


RICHMOND & QUINN
Attorneys for Plaintiff
MARATHON OIL COMPANY

By: _____
Marc G. Wilhelm
Alaska Bar No. 8406054

644\046\PLD\COMPLAINT

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**COMPLAINT**
MARATHON OIL v. FOREST OIL, ET AL.
PAGE 23 of 23