Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:   907-277-9511
Facsimile:   907-276-2631
Email:       jamiesonb@lanepowell.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>FOREST OIL CO.; UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA; and CHEVRON CORPORATION,<br><br>                    Defendants. | Case No. 3:06-cv-00102-TMB<br><br>**ANSWER** |

COMES NOW Union Oil Company of California (UOCC), by and through counsel, and for its answer to plaintiff's complaint, states and alleges as follows:

### PARTIES

1.   UOCC admits the allegations contained in the first two sentences of paragraph 1, and admits the remaining allegations of paragraph 1 upon information and belief.

2.   UOCC admits the allegations contained in paragraph 2.

3.   UOCC admits the allegations contained in paragraph 3, but states that the shorthand reference of "Unocal Alaska" should instead be "UOCC."

4.   UOCC states only that it is an indirect subsidiary of Chevron Corporation; except as expressly so stated, the allegations paragraph 3 are denied.

### JURISDICTION AND VENUE

5.   UOCC admits the allegations contained in paragraph 5.

6. UOCC admits the allegations contained in paragraph 6.

7. UOCC admits the allegations contained in paragraph 7.

### ALLEGATIONS COMMON TO ALL CLAIMS

8. UOCC admits the allegations contained in paragraph 8.

9. UOCC admits the allegations contained in paragraph 9.

10. UOCC admits the allegations contained in paragraph 10.

11. UOCC admits the allegations contained in paragraph 11.

12. UOCC admits the allegations contained in paragraph 12.

13. UOCC[1] admits the allegations contained in paragraph 13.

14. UOCC admits the allegations contained in paragraph 14.

15. UOCC admits the allegations contained in paragraph 15.

16. UOCC admits the allegations contained in paragraph 16.

17. UOCC admits the allegations contained in paragraph 17.

18. UOCC admits only that the "total fluids" methodology was employed with respect to certain miscellaneous costs incurred on the Steelhead platform, and that other methodologies were employed for other costs incurred on the platform during the same time period. Except as expressly so stated, UOCC denies the allegations contained in paragraph 18.

19. UOCC admits the allegations contained in paragraph 19.

20. UOCC admits that originally, the total fluids method equitably allocated miscellaneous costs between oil and gas production; however, since installation of Electrical Submersible Pumps (ESPs) in 1999-2001, this is no longer the case.

---

[1] Wherever plaintiff refers to "Unocal/Chevron" or "Unocal" in its complaint, answering defendant contends that the appropriate reference should be to "UOCC." Rather than object or correct each such reference, however, answering defendant will simply treat each such reference as being directed at UOCC.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

21. UOCC states only that it and Marathon, among others, entered into the referenced Second Supplemental Agreement, which speaks for itself. Except as expressly so stated, UOCC denies the allegations contained in paragraph 21.

22. UOCC states only that the referenced agreement speaks for itself. Except as expressly so stated, UOCC denies the allegations contained in paragraph 22.

23. UOCC states only that it and Marathon, among others, entered into the referenced Third Supplemental Agreement, which speaks for itself. Except as expressly so stated, UOCC denies the allegations contained in paragraph 23.

24. UOCC states only that the referenced agreement speaks for itself. Except as expressly so stated, UOCC denies the allegations contained in paragraph 24.

25. UOCC denies the allegations contained in paragraph 25.

26. UOCC admits that, as Unit Operator during the period 2002-05, it adopted a new cost allocation methodology which, due to developments in the technology used to recover oil and gas on the Steelhead Platform, more fairly and equitably allocates the costs in question between the oil and gas interests. UOCC further refined this methodology to a "50/50" (well count/BOE) method beginning January 1, 2006. Except as expressly so stated, UOCC denies the allegations contained in paragraph 26.

27. UOCC denies the allegations contained in paragraph 27.

28. UOCC admits only that the change of allocation methodology more fairly and equitably allocates the costs in question between the oil and gas interests. Except as expressly so stated, UOCC denies the allegations contained in paragraph 28.

29. UOCC admits only that the change of allocation methodology resulted in fewer costs being allocated to Forest than would have been the case if the methodology had not been changed. Except as expressly so stated, UOCC denies the allegations contained in paragraph 29.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

30. UOCC admits that the COPAS provisions apply and speak for themselves, but denies that Marathon's audit exception 16 was valid. Except as expressly so stated, UOCC denies the allegations contained in paragraph 30.

31. UOCC admits that the referenced audit exception was written and supplied to UOCC and Forest Oil and that it speaks for itself, but denies that it was valid. Except as expressly so stated, UOCC denies the allegations contained in paragraph 31.

32. UOCC states that it has formally rejected the referenced audit exception, which was faulty and improper under the COPAS procedures, and that it has not paid or agreed to pay the credit amount claimed therein. Except as expressly so stated, UOCC denies the allegations contained in paragraph 32.

33. UOCC admits only that from 2002 to present, it has employed a fair and equitable allocation methodology for the referenced expenses. The "50/50" methodology employed since January 1, 2006 was actually suggested by Marathon. Except as expressly so stated, UOCC denies the allegations contained in paragraph 33.

## COUNT I
## Claims Against Unocal/Chevron
## Breach Of Contract

34. Admitted or denied only to the extent previously admitted or denied.

35. UOCC admits only that the referenced provisions of the Unit Operating Agreement speak for themselves. Except as expressly so stated, UOCC denies the allegations contained in paragraph 35.

36. UOCC admits the allegations contained in paragraph 36, however, any implication that UOCC breached any duty owed to plaintiff is denied.

37. UOCC denies the allegations contained in paragraph 37.

38. UOCC denies the allegations contained in paragraph 38.

39. UOCC admits that all contracts in Alaska, including the referenced contracts, contain an implied covenant of good faith and fair dealing, with which UOCC fully

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

complied. Except as expressly so stated, UOCC denies the allegations contained in paragraph 39.

40. The allegations contained in paragraph 40 are denied.

## COUNT II
### Claims Against Unocal/Chevron
### Unjust Enrichment/Restitution

41. Admitted or denied only to the extent previously admitted or denied.

42. UOCC denies the allegations contained in paragraph 42.

43. UOCC denies the allegations contained in paragraph 43.

## COUNT III
### Claims Against Forest Oil
### Breach Of Contract

44. Admitted or denied only to the extent previously admitted or denied.

45. Upon information and belief, UOCC admits the allegations of paragraph 45.

46. Upon information and belief, UOCC admits the allegations of paragraph 46.

47. Upon information and belief, UOCC admits the allegations of paragraph 47, with the exception of the last sentence, which is denied.

48. UOCC admits that Forest Oil is in breach of one or more of the agreements governing the parties' rights and obligations with respect to the Trading Bay Unit; however, UOCC denies that a breach has occurred with respect to the costs which are the subject of this lawsuit. Except as expressly so stated, UOCC denies the allegations contained in paragraph 48.

49. UOCC admits that all contracts in Alaska, including the referenced contracts, contain an implied covenant of good faith and fair dealing, with which UOCC fully complied. Except as expressly so stated, UOCC denies the allegations contained in paragraph 49.

50. UOCC denies the allegations of paragraph 50.

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## COUNT IV
## Claims Against Forest Oil
## Unjust Enrichment/Restitution

51. Admitted or denied only to the extent previously admitted or denied.

52. UOCC denies the allegations of paragraph 52.

53. UOCC denies the allegations of paragraph 53.

## COUNT V
## Claims Against All
## Defendants Accounting

54. Admitted or denied only to the extent previously admitted or denied.

55. The allegations of paragraph 55 appear to be a prayer for relief to which no response is required. To the extent a response is required, UOCC denies these allegations.

## COUNT VI
## Claim Against All Defendants
## Declaratory Relief

56. Admitted or denied only to the extent previously admitted or denied.

57. UOCC admits the allegations of paragraph 57.

58. UOCC admits the allegations of paragraph 58.

59. UOCC joins Marathon's request that the court determine and declare the respective rights and obligations of the parties with respect to the allocation of costs between oil and gas interests on the Steelhead platform. However, UOCC denies that Marathon's desired allocation method, the "total fluids" method, fairly and equitably allocates the costs, and therefore UOCC denies the allegations of paragraph 59.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff is not entitled to equitable relief because an adequate legal remedy exists.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

3. Plaintiff's complaint is barred by principle of accord and satisfaction.

4. Plaintiff's complaint is barred in whole or in part by the applicable statute of limitations.

5. Plaintiff's complaint is barred in whole or in part by principles of laches.

6. Plaintiff's complaint cannot be maintained due to failure of consideration.

7. Plaintiff's complaint is barred by principles of *res judicata* and/or collateral estoppel.

8. Plaintiff's complaint is barred by principles of waiver and/or estoppel.

9. UOCC reserves the right to add additional affirmative defenses as may be discovered through future discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered plaintiff's complaint, and having set forth its affirmative defenses, UOCC prays for relief as follows:

1. That plaintiff's complaint be dismissed, with prejudice;

2. That UOCC be awarded its costs, including reasonable attorneys' fees, incurred in the defense of this action; and

3. For such further relief as this court deems equitable and just.

DATED this 21st day of June, 2006.

> LANE POWELL LLC
> Attorneys for Defendants Union Oil Company
> of California d/b/a UNOCAL Alaska
>
> By  s/ Brewster H. Jamieson
>   301 West Northern Lights Boulevard, Suite 301
>   Anchorage, Alaska  99503-2648
>   Tel: 907-277-9511
>   Fax: 907-276-2631
>   Email:  jamiesonb@lanepowell.com
>   ASBA No. 8411122

I certify that on June 21, 2006, a copy of the foregoing was served by ECF on:

Marc G. Wilhelm  @ mwilhelm@richmondquinn.com
Jeffrey M. Feldman @ feldman@frozenlaw.com
Marc D. Bond  @Mbond@Chevron.com

 /s/ Brewster H. Jamieson
017351.0041/155447.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631