Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:   907-276-2631
Email:         jamiesonb@lanepowell.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>                               Plaintiff,<br><br>v.<br><br>FOREST OIL CO.; UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA; and CHEVRON CORPORATION,<br><br>                               Defendants. | Case No. 3:06-cv-00102-TMB<br><br>**MOTION TO JOIN FOREST ALASKA OPERATING LLC AS A PARTY DEFENDANT** |

COMES NOW defendant Union Oil Company of California d/b/a UNOCAL Alaska ("UOCC"), by and through counsel, and hereby moves the court to join Forest Alaska Operating LLC ("Forest Alaska") as a party defendant in this matter.  This motion is brought pursuant to Civil Rule 19 on the grounds that the joinder of Forest Alaska as a party defendant is both necessary and indispensable for the just adjudication of this lawsuit.  At the least, Forest Alaska is a proper party which should be joined to this action as a defendant under Civil Rule 20(a).

### I.  FACTS

**A.    History of ownership in the Trading Bay Properties leading to Common Equity.**

Forest Oil Corporation owned (and UOCC currently owns) working interests in several offshore oil and gas leases located in Alaska's Cook Inlet, which were awarded by the State of Alaska to UOCC in the late 1960s, and which make up the Trading Bay Properties.  The four agreements

that govern the relationship between Forest and UOCC in regard to development and operation of the Trading Bay Properties ("the Trading Bay Agreements") are as follows[1]:

    (a)    The Trading Bay Unit Operating Agreement ("TBUOA");

    (b)    The Trading Bay Field Operating Agreement ("TBFOA");

    (c)    The Unit Agreement for the Development and Operation of the Trading Bay Unit Area, State of Alaska ("TB Unit Agreement")[2];

    (d)    The Alignment Agreement Trading Bay Field / Trading Bay Unit (Alignment Agreement).

The TBUOA and the TBFOA will be collectively referred to herein as the "Operating Agreements." UOCC was originally designated and has remained the Operator under the Trading Bay Agreements. As the Operator, UOCC is charged with "the exclusive right and duty to conduct operations according to plans and procedures as specified by the Parties and to do all things necessary and consistent therewith." *See* TB Unit Agreement, at ¶ 8; TBUOA, at Articles VII and VIII; and TBFOA, at Articles VI and VII.

The Trading Bay Agreements were negotiated and entered into by and among UOCC and Forest Oil (and/or their predecessors-in-interest) in the late 1960s, and have been amended several times over the years. Up until the 1990s, there were multiple working interest owners in the Trading Bay Properties and multiple parties to the Trading Bay Agreements. Additionally, the Trading Bay Properties were comprised of numerous working interest participating areas ("WIPAs"),[3] with ownership among the working interest owners in each WIPA being slightly different. In 1996,

---

[1] Copies of these agreements were attached to UOCC's Motion for Partial Summary Judgment Re: Waiver/Accord and Satisfaction, Docket No. 23.

[2] The State of Alaska is also party to the Unit Agreement along with all working interest owners, *i.e.,* UOCC, Forest Oil and Marathon.

[3] A WIPA is essentially a pool or underground reservoir containing, or appearing to contain, a common accumulation of oil or gas, which is designated as such by the parties to the Agreements for purposes of allocating and apportioning costs and production for royalty purposes. *See* Article 3.18 and 3/28 of the TBUOA.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

UOCC and Forest Oil became the sole working interest owners of the *oil* assets underlying the Trading Bay Properties including all oil WIPAs.

By way of the Alignment Agreement dated January 1, 2002, UOCC and Forest Oil aligned their respective working interests in the Trading Bay Properties, including all WIPAs except for and excluding the Grayling Gas Sands WIPA.[4]  Since the alignment of interests (otherwise referred to as "Common Equity")[5], UOCC maintains a 53.20% working interest ownership, and Forest maintains a 46.80% working interest ownership, in all oil WIPAs comprising the Trading Bay Properties.  *See* Alignment Agreement.

### B. The Agreements At Issue In This Case.

Marathon's complaint is based in part on the TBUOA and supplements to that agreement, which are alleged to govern the relationship between the parties in regard to development and operation of the leases underlying the Steelhead platform.  *Id*, ¶¶ 11-24.  In addition, it is alleged by Marathon that Forest Oil succeeded to and is bound by the terms of the Purchase and Sale Agreement under which Marathon sold its interests in the Steelhead platform oil leases to Forest Oil's predecessor in interest, Forcenergy, Inc.  *Id.*, ¶ 45.[6]

### C. Forest Oil Has Transferred Its Oil And Gas Interests In The Trading Bay Unit to Forest Alaska.

Forest Oil has transferred and assigned all of its interests in the Trading Bay Unit and now no longer owns or controls those interests.  First, Forest Oil created Forest Alaska Holding LLC and Forest Alaska as subsidiary companies.  Attached as Exhibit A are Certificates of Formation and

---

[4] UOCC and Forest Oil aligned their interests in all *oil* horizons underlying the Trading Bay Properties, excluding the gas, and more specifically, the Grayling Gas Sands (GGS) and the GGS WIPA, in which ownership is shared between UOCC (48.80%) and Marathon (51.20%).

[5] In general, the purpose of Common Equity was to create common assets, including all WIPAs (excluding the GGS WIPA), in which ownership would be shared by and between UOCC and Forest Oil according to a pre-negotiated working interest percentage that would apply to all production, revenue, and costs associated with the Trading Bay Properties.  Thus, Common Equity dramatically reduced the administrative burden of breaking down production, revenue, and costs according to multiple WIPAs with varying percentages of ownership in each.

[6] *See* Exhibit G hereto.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Amendment for Forest Alaska Holding LLC and Forest Alaska, showing that both companies were organized in the State of Delaware. At Exhibit B are the Operating Agreements for the two LLCs, showing that Forest Oil is the sole member of both LLCs. Then, in October, 2006, Forest Oil transferred its interests in the Trading Bay Unit leases to Forest Alaska Holding LLC, which then immediately transferred the same interests to Forest Alaska. *See* Exhibit C, Assignments of Interest in Oil and Gas Lease, recorded with the State of Alaska, from Forest Oil to Forest Alaska Holding LLC, and from Forest Alaska Holding LLC to Forest Alaska. Note that under these Assignments, Forest Oil and Forest Alaska Holding LLC retained "zero" percent of the interests assigned. Note also that these Assignments were all signed and approved by the State of Alaska, Division of Oil and Gas, effective November 1, 2006.

Also attached as Exhibits D and E are, respectively, (i) November 1, 2006, Master Conveyance between Forest Oil Corporation and Forest Alaska Holding LLC, and (ii) November 1, 2006, Master Conveyance between Forest Alaska Holding LLC and Forest Alaska. The Master Conveyance agreements effectuate the transfer and assignment of the Trading Bay Unit interests which eventually wound up in the hands of Forest Alaska. Pursuant to the introductory paragraph of Article I and Section 1.1 under both Master Conveyances, Forest Oil and then Forest Alaska Holding LLC transferred and assigned to Forest Alaska "all of the right, title and interest" which had been owned by Forest Oil "in and to" the interests in the Trading Bay Unit leases.

Therefore, all of Forest Oil's interests in the Trading Bay Unit leases, including the interests in the oil leases underlying the Steelhead platform, are now owned solely by Forest Alaska. As such, for the reasons stated below Forest Alaska should be made a party defendant in this matter.[7]

---

[7] In fact, it now appears that Forest Alaska itself, along with the interests in the Trading Bay Unit it holds, will be sold to Pacific Energy Resources Ltd ("Pacific") as of June 30, 2007. Attached as Exhibit F are three news articles dated May 29, 2007, from the Anchorage Daily News, Yahoo!Finance, and Oil and Gas Journal. These articles report that Forest Oil has in place a "definitive agreement" to sell its Alaska assets to Pacific for $464 million, and that the deal will close on June 30. The Yahoo!Finance story states: "The purchase agreement includes the acquisition of Forest Oil's subsidiary, Forest Alaska Operating LLC." Should Pacific obtain from Forest Alaska ownership rights in any of the oil or gas interests which are the subject of the Operating Agreements at issue in this case, UOCC reserves the right to seek to add Pacific as a party defendant hereto.

**Motion to Join Forest Alaska Operating LLC as a Party Defendant**
*Marathon Oil v. Forest Oil, et al.* **(Case No. 3:06-cv-00102-TMB))**                                    Page 4 of 11

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## II. ARGUMENT

### A. Forest Alaska Should Be Joined Under Civil Rule 19.

Civil Rule 19(a) provides:

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Civil Rule 19's conditions for joinder are phrased in the disjunctive; thus, joinder is appropriate if any condition is met. *Yellowstone County v. Pease,* 96 F.3d 1169, 1172 (9th Cir. 1996). The inquiry under Rule 19 is "a practical one and fact specific." *Washington v. Daley,* 173 F.3d 1158, 1165 (9th Cir. 1999). Thus, the question of whether to require the joinder of additional parties under Rule 19 must be made in light of the particular circumstances of each case. *Northern Alaska Environmental Ctr. v. Hodel,* 803 F.2d 466, 468 (9th Cir. 1986). If the factors under Rule 19(a) are satisfied, joinder is mandatory. *See* Rule 19 ("**shall** be joined as a party); *Blumberg v. Gates* 204 F.R.D. 453, 454 (C.D.Cal. 2001) ("Rule 19 provides for the mandatory joinder of parties "needed for a just adjudication," commonly referred to as "necessary" parties.").

Under the facts of the transfer and assignment of the oil and gas lease interests to Forest Alaska, joinder of Forest Alaska as a party defendant should be ordered under Civil Rule 19(a)(1) and/or (2).

### 1. Joinder Under Civil Rule 19(a)(1).

Joinder of "necessary" parties pursuant to Rule 19(a)(1) "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 879 (9th Cir. 2004) *citing Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

(9th Cir. 1983).  In order to determine whether a party should be joined pursuant to Rule 19(a)(1), a "court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Las Vegas Events,* 375 F.3d at 879.

Joinder must be ordered under Rule 19(a)(1) because without the present owner of some of the very interests involved in this lawsuit, Forest Alaska, complete relief cannot be accorded among the present parties.  Because of the transfer and assignment of the oil and gas interests, Forest Alaska is not only inextricably bound to the rights and obligations inherent in those interests, but it is also inextricably bound to the agreements that govern those interests and form the bases of this lawsuit.

Under Alaska law, the assignment of an oil and gas interest must be approved by the State of Alaska.  11 AAC 82.605(a).  As noted above, the assignment of Forest Oil's interests in the Trading Bay Unit leases were in fact approved by the State.  This approval operates to relieve the transferor (in this case, Forest Oil and then Forest Alaska Holding LLC) of all obligations except those accruing before the approval.  11 AAC 82.605(b).  As such, under State law Forest Alaska is now the official lessee of the interests in the Trading Bay Unit, and has all of the rights and obligations under those interests which Forest Oil previously had.

Further, the transfer and assignment to Forest Alaska of Forest Oil's interests in the Trading Bay Unit have consequences under the agreements governing this matter.  The TBUOA at Section 31.4 provides as follows:

> The provisions of this Agreement shall be covenants running with the lands, leases, and interests covered hereby, and shall be binding upon and inure to the benefit of the legal representatives, succcessors and assigns of the Parties hereto.

Similarly, Section 27(e) of the Purchase and Sale Agreement provides that that agreement "shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns."  Pursuant to these provisions, Forest Alaska is not only bound by these agreements, Forest Alaska must now be considered a party to these agreements.  In addition, Forest Alaska also became a party to the TBUOA and the Purchase and Sale Agreement under the general operation of Alaska law.  *RAN Corp. v. Hudesman*, 823 P.2d 646, 649 (Alaska 1991) ("An effective

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

lease assignment makes the assignee the tenant of the owner; the assignee becomes the lessee and has a direct contractual relationship with the owner.").[8]

Under Count VI of Marathon's complaint, the central issue in this lawsuit is the equitable allocation of costs between oil and gas interests.[9] Count VI seeks declaratory relief, which may alter the current and future rights and obligations of the current parties to the Unit Agreement, which now includes Forest Alaska. UOCC agrees that the Court should determine and declare the parties' rights and obligations with respect to the allocation of costs.[10] Equitable allocation of costs is both a privilege and an obligation for all parties with any interest in the Trading Bay Unit, including Forest

---

[8] Although this motion is not brought under Rule 17, it must be noted that as a party to the TBUOA and the Purchase and Sale Agreement because of the transfer and assignment of the oil and gas lease interests, under Alaska law Forest Alaska Operating LLC must be considered a real party in interest in any litigation relating to those agreements. *See Diksen v. Troxell*, 938 P.2d 1009, 1012 (Alaska 1997) ("Moreover, Diksen is clearly the real party in interest with respect to the interests in the permit agreement which she purchased from her children."); *Fairbanks North Star Borough v. Kandik Const., Inc. & Associates*, 795 P.2d 793, 802 (Alaska 1990) (party to contract allowed to join lawsuit as a real party in interest); *Smith v. Lee*, 770 P.2d 754 (Alaska 1989) (bank which had been assigned part of note and deed of trust was a real party in interest in proceedings to enforce those instruments); *Municipality of Anchorage v. Baugh Const. & Engineering Co.*, 722 P.2d 919, 925 (Alaska 1986) (insurer which was a part to a Loan Receipt Agreement had "enough at stake" to be a real party in interest in a lawsuit regarding the loss and damage which was the subject of the Agreement).

Further, as a general rule, under Alaska law, an assignment of an interest makes the assignee the "real party in interest" regarding that interest. *See Alaska Continental, Inc. v. Trickey*, 933 P.2d 528, 532 n. 3 (Alaska 1997) ("Our holding that the claims in question were impliedly assigned by operation of law from ACI to shareholders' ACI and then to ACI II obviates the need to remand this aspect of the appeal to the superior court for a determination of the real party in interest pursuant to Alaska Civil Rule 17(a) and (b)."); *cf. McCall v. Coats*, 777 P.2d 655, 658-59 (Alaska 1989) (employers which had assigned claims against former employee were no longer real parties in interest).

[9] Count VI states in part: "Marathon requests that this court determine and declare the respective rights and obligations of the parties with respect to the controversy at issue, i.e., the allocation of costs between oil and gas interests on the Steelhead platform."

[10] In response to Count VI, UOCC stated in its Answer, at ¶ 59: "UOCC joins Marathon's request that the court determine and declare the respective rights and obligations of the parties with respect to the allocation of costs between oil and gas interests on the Steelhead platform."

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Alaska, to which Forest Oil has assigned its former interest. Further, resolution of Count VI will require the interpretation of the Operating Agreements to which Forest Alaska is now a party. Joinder of the current interest-holder, Forest Alaska, is essential to the just resolution of this controversy, as this case will affect its rights and the rights of its successors in interest, or may cause UOCC to incur obligations toward either Marathon or the current Forest interest-holder inconsistent with its contractual duties to the other. For these reasons, the Court cannot give "complete" declaratory relief without Forest Alaska as a party defendant.

Moreover, UOCC, as Unit Operator, holds a lien on Forest Oil's former interest in the Trading Bay Unit. The TBUOA, at Paragraph 19.5, provides in relevant part that

> [e]ach party grants to Unit Operator . . . a lien upon its oil and gas rights in each Tract, its share of production, and its interests in all Unit property, as security for payment of its share of Costs, together with interest thereon at the rate of six percent (6%) per annum. Unit Operator . . . shall have the right to bring suit to enforce collection of such indebtedness with or without seeking foreclosure of the lien. In addition, upon default by any Party in the payment of its share of Costs, Unit Operator . . . shall have the right to collect from the purchaser the proceeds from the sale of such Party's share of Production until the amount owed by such Party, plus interest as aforesaid, has been paid.

Under the above-quoted paragraph, UOCC continues to hold a lien on Forest Oil's former interest in the Trading Bay Unit—the interest now held by Forest Alaska; this lien secures Forest Oil's obligation to pay its share of costs for the Unit. Any judgment for personal liability may impact Forest Alaska to the extent Forest Oil assigned its liability relating to this lawsuit to Forest Alaska. For this additional reason, "complete relief" in this matter requires the participation of Forest Alaska in this case.

Therefore, Civil Rule 19(a)(1) is satisfied and joinder of Forest Alaska as a party defendant should be ordered in this matter.

    **2.**    <u>**Joinder Under Civil Rule 19(a)(2).**</u>

Rule 19(a)(2) is also satisfied here. The interest referenced in Rule 19(a)(2) must be a legally protectable interest in the suit. *United States v. Bowen,* 172 F.3d 682, 689 (9th Cir. 1999); *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990). Forest Alaska has a legally protectable interest relating to the subject matter of the action because it owns the very oil interests

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

that are the subject of the agreements under which this action is brought. For the above-stated reasons, any order by this court regarding cost allocation or expenditures relating to the Trading Bay Unit without the participation of the current owner of those interests could impair or impede Forest Alaska's ability to protect its interests in the Unit. Marathon's request for declaratory relief (and UOCC's agreement that the Court should declare the rights and obligations of the parties) directly affects Forest Alaska, not only as a party to the agreements which govern the Trading Bay interests, but also as the current owner of Forest Oil's former interests in Trading Bay. If Forest Alaska is not made a party to this litigation as a defendant, it will be unable as a practical or legal matter to protect its interests, or the interests of future transferees.

Finally, any judgment by this Court resolving the complaint leaves open the possibility of a claim from Forest Alaska that any such judgment is invalid as to Forest Alaska because it was not a party to this action. That, in turn, could result in further litigation with Forest Alaska over its Trading Bay interests, which would not only waste judicial resources and the time and resources of the parties, but would also potentially subject UOCC to (1) multiple liability, and/or (2) rulings that may be inconsistent with the Court's rulings in this action.

Therefore, for these additional reasons, Forest Alaska should be ordered joined to this action as a party defendant.

**B.  Forest Alaska Should Be Joined Under Civil Rule 20(a).**

Although UOCC asserts that Forest Alaska is both a necessary and indispensable party under Rule 19, at the very least, and in the alternative, Forest Alaska is certainly a "proper party" which should be joined as a defendant under Rule 20(a).

Joinder as a "proper party" under Rule 20(a) imposes two specific requirements: (1) the right to relief asserted by each defendant must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) there must be a question of law or fact common to all parties must arise in the action. *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997). For the reasons stated above, these factors are easily met in this case.

That Forest Alaska owns the very oil and gas interests at issue in this lawsuit, and is a party to the very same agreements on which the complaint is based, satisfies the "same transaction or

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

occurrence" factor. The "common question of law or fact" factor is satisfied because Forest Alaska is directly involved in and affected by the same issues of interpretation of the agreements and cost allocation and expenses relating to the Trading Bay Unit which also involve Forest Oil.

In addition, the Ninth Circuit has stated that a trial court must also examine other factors in order to determine whether joinder under Rule 20(a) would comport with "the principles of fundamental fairness:"

> [T]he possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375-76 (9th Cir. 1980).

Under the facts of this case, it would not be "fundamentally unfair" to join Forest Alaska. The relationship between Forest Oil and Forest Alaska is extremely close; Forest Alaska is a wholly owned subsidiary of Forest Oil, and Forest Alaska was apparently organized by Forest Oil for the express purpose of being assigned Forest Oil's Cook Inlet oil and gas interests. In addition, Forest Oil knowingly assigned to Forest Alaska the very oil and gas interests at issue in this case, which assignment also made Forest Alaska a party to the very agreements at interest in this case. For these reasons, there can be no conceivable prejudice to Forest Oil as a result of Forest Alaska's joinder. UOCC has not delayed the resolution of this case by the timing of this motion; the assignment of Forest Oil's interests to Forest Alaska took place at the end of 2006. Jurisdiction of this Court will not be affected by the joinder of Forest Alaska, a Delaware company. Finally, as discussed above, UOCC's motives in bringing this motion are entirely proper, as UOCC seeks to (1) provide for complete relief in this case, (2) allow Forest Alaska to protect its interests, and (3) to avoid multiple liability and inconsistent obligations.

Therefore, the Court is respectfully requested, in the alternative, to at least order the joinder of Forest Alaska as a party defendant pursuant to Civil Rule 20(a).

/
/

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

### III. CONCLUSION

For the reasons stated above, the Court is respectfully requested to order that Forest Alaska Operating LLC be added to this suit as a party defendant.

DATED this 25th day of June, 2007.

LANE POWELL LLC
Attorneys for Defendant Union Oil Company of California d/b/a UNOCAL Alaska

By  s/ Brewster H. Jamieson
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska  99503-2648
   Tel:  907-277-9511
   Fax:  907-276-2631
   Email:  jamiesonb@lanepowell.com
   ASBA No. 8411122

I certify that on June 25, 2007, a copy of the foregoing was served by ECF on:

Daniel T. Quinn  dquinn@richmondquinn.com
Jeffrey M. Feldman  feldman@frozenlaw.com

 /s/ Brewster H. Jamieson
017351.0041/155448.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631