Jeffrey M. Feldman
Alaska Bar No. 7605029
R. Scott Taylor
Alaska Bar No. 8507110
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:    (907) 274-0819
Email:         feldman@frozenlaw.com
Email:         taylor@frozenlaw.com

Attorneys for Defendant Forest Oil Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>FOREST OIL CORPORATION; PACIFIC ENERGY ALASKA OPERATING LLC, and UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA,<br><br>                Defendants. | Case No. 3:06-cv-00102-TMB<br><br>**OPPOSITION TO MARATHON OIL CO.'S MOTION FOR EXTENSION OF TIME AND TO EXTEND <u>PRETRIAL DEADLINES</u>** |

Forest Oil Corporation, by and through its attorneys, Feldman Orlansky & Sanders, hereby opposes Marathon Oil Company's Motion for Extension of Time and to Extend Pretrial Deadlines, filed more than six weeks after the twice-extended deadline for Expert Disclosures had passed and more than two weeks after discovery closed. Marathon's opposition to Forest Oil's Motion for Summary Judgment was originally due

on February 11, 2008. Forest Oil did not oppose Marathon's first request for a modest extension of time to respond until February 19, 2008. But there is no good cause for Marathon's latest request, seeking an additional six-week extension, "to allow time for Marathon's expert witnesses to prepare affidavits in support of Marathon's opposition."[1]

Marathon does not explain why its experts would need so much additional time to prepare affidavits, except to claim that "[i]t is expected that these experts will need to complete their reports before they can submit affidavits."[2] Even if this rationale made any sense, the extended deadline for expert reports was January 4, 2008.[3] At Marathon's request, the parties have twice stipulated to move the expert report date, which the Scheduling and Planning Order originally set for 90 days before the close of discovery on September 4, 2007.[4] As a result, Marathon has had seven additional months to obtain reports from its experts. Now that the January 4, 2008 deadline has passed, Marathon seeks a further extension of almost three more months. Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to make a disclosure by the required date, "the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." This rule is a self-

---

[1] Marathon Oil Co.'s Motion for Extension of Time, at p. 2.

[2] Affidavit of Marc Wilhelm in Support of Marathon Oil Co.'s Motion for Extension of Time, at ¶ 3.

[3] *See* Order Granting the Parties' Joint Motion to Extend Certain Pretrial Deadlines, at Docket No. 28.

[4] *See* Stipulations and Orders, at Docket Nos. 13, 16, 17, 26, and 28.

executing, automatic sanction to induce strict adherence to discovery deadlines.[5]  Absent a substantial justification for Marathon's failure to provide its expert reports by the extended January 4, 2008 deadline, it may not rely on those reports to supply evidence in opposition to Forest Oil's Motion for Summary Judgment or at trial.[6]

Forest Oil desires an expeditious resolution of this matter.  While it has not opposed reasonable extensions requested by Marathon, this latest request is without logical justification.  There is no reason why affidavits could not have been obtained within the normal – or first extended – deadline for responding to the Motion for Summary Judgment.  And there is no reason why these affidavits must await expert reports, the deadline for which had passed more than six weeks before Marathon filed this motion.  For these reasons, Forest Oil opposes Marathon's latest Motion for Extension of Time to respond to the Motion for Summary Judgment and to Extend Pretrial Deadlines that have already passed.

Dated this 5th day of March, 2008.

                        FELDMAN ORLANSKY & SANDERS

                        By:   s/ R. Scott Taylor
                               Jeffrey M. Feldman
                               Alaska Bar No. 7605029
                               R. Scott Taylor
                               Alaska Bar No. 8507110

---

[5] *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

[6] Marathon's complaint is essentially one of contract interpretation.  The defendants question the relevancy of Marathon's purported need for expert reports and affidavits on the determinative issue of the contractual requirements of the Trading Bay Unit Operating Agreement.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March, 2008, a copy of the **Opposition to Marathon Oil Co.'s Motion for Extension of Time** as served electronically on:

Daniel T. Quinn
Marc G. Wilhelm
Brewster H. Jamieson
Marc D. Bond.
Robert K. Stewart, Jr.

s/ R. Scott Taylor