JEFFREY M. FELDMAN
Alaska Bar No. 7605029
R. SCOTT TAYLOR
Alaska Bar No. 8507110
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        feldman@frozenlaw.com
Email:        taylor@frozenlaw.com

Attorneys for Defendant Forest Oil Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>FOREST OIL CORPORATION; PACIFIC ENERGY ALASKA OPERATING LLC, UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA,<br><br>        Defendants. | Case No. 3:06-cv-00102-TMB<br><br>**FOREST OIL'S RESPONSE IN OPPOSITION TO MARATHON'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 72]** |

Defendant Forest Oil Corporation**,** by and through its counsel, opposes Marathon

Oil Company's Cross-Motion for Partial Summary Judgment.  Marathon has not, and can

not, meet its initial burden of establishing the absence of a genuine issue of material fact

Forest Oil's Response in Opposition to Marathon's
Cross-Motion for Partial Summary Judgment [Dkt. 72]          Case No. 3:06-cv-00102-TMB
*Marathon Oil Company vs. Forest Oil Corporation, et al.*                    Page 1 of 4

that "the cost allocation methodologies used by Unocal since 2002 are not 'fair and equitable,' as required by agreement."[1]  The sworn statements of Forest Oil's Director of Joint Venture Audits, Mitchell Fischbach, and of Unocal's retained expert, Howard G. Blunk –both stating that Unocal's cost allocation methodologies are "accepted in the industry" and are "fair and equitable" in application— directly refute Marathon's assertion to the contrary.[2]  Marathon's claim that the cost allocations since 2002 are not "fair and equitable" is rebutted by competent evidence.  Accordingly, its cross-motion for partial summary judgment must be denied.

Marathon's contention that Unocal's cost allocation methodologies "are based on improper factors as a matter of law,"[3] derives from the unsworn reports of its experts that an allocation formula based on production is inappropriate to apportion shared costs that "are not the type of costs that increase with increased gas or oil or water production."[4]  Even if this were a legitimate point, support with admissible evidence, Marathon is equitably estopped from now asserting that a production-based allocation formula is unfair and inequitable.  Marathon itself implemented a production-based formula when,

---

[1]     Marathon's Cross-Motion for Partial Summary Judgment (Cross-Motion) at p. 1.

[2]     The Affidavit of Mitchell Fischbach and Declaration of Howard G. Blunk are filed, respectively, in support of Forest Oil's and Unocal's briefs in reply to Marathon Oil Company's Opposition to Unocal's and Forest's Motions for Summary Judgment.  They are incorporated herein by reference.

[3]     Cross-Motion at p. 1.

[4]     Exhibit 10 at p. 6; *see also* Exhibit 9 at p. 7.

Forest Oil's Response in Opposition to Marathon's
Cross-Motion for Partial Summary Judgment [Dkt. 72]                    Case No. 3:06-cv-00102-TMB
*Marathon Oil Company vs. Forest Oil Corporation, et al.*                              Page 2 of 4

as the original operator of the Steelhead Platform, it allocated shared costs based on a "total fluids" production ratio.  "The elements of equitable estoppel are: (1) the assertion of a position by conduct or words, (2) reasonable reliance thereon by an adverse party, and (3) resulting prejudice."[5]  For many years, the parties paid their fair share of the platform's operating costs, in reliance on Marathon's "total fluids" allocation of shared costs.  Unocal continued that allocation methodology when it took over as operator in 1994.  Unocal only changed to a BOE allocation after the oil producers installed electric submersible pumps, when it was no longer fair and equitable to include water in the "total fluids" production calculation.[6]  The defendants will clearly be prejudiced if Marathon is now permitted to deny that use of a production-based allocation methodology is consistent with the operator's contractual obligation to make a "fair and equitable apportionment" of platform costs.

Not only have the defendants set forth specific facts demonstrating that Unocal has not breached the Unit Operating Agreement, there is, in fact, no genuine evidence to the contrary.  Marathon has not shown that the methodologies used by Unocal do not result in "a fair and equitable apportionment" of platform costs.  For all the reasons stated in Forest's and Unocal's Motions for Summary Judgment and in their replies in support of

---

[5]    *Great Western Sav. Bank v. George W. Easley Co., J.V.,* 778 P.2d 569, 579 (Alaska 1989).

[6]    *See* Declaration of Howard G. Blunk at ¶¶ 4-8.

Forest Oil's Response in Opposition to Marathon's
Cross-Motion for Partial Summary Judgment [Dkt. 72]                    Case No. 3:06-cv-00102-TMB
*Marathon Oil Company vs. Forest Oil Corporation, et al.*                    Page 3 of 4

those motions, it is the defendants who are entitled to summary judgment dismissal of all

claims in Marathon's Complaint.

Dated this 9th day of June, 2008.

s/ R. Scott Taylor

R. Scott Taylor (ABA 8507110)
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        taylor@frozenlaw.com

Attorneys for Defendant
Forest Oil Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2008, a copy of the
foregoing  **Forest Oil's Response in Opposition to
Cross-Motion for Partial Summary Judgment**
was served electronically

Daniel T. Quinn
Marc G. Wilhelm
Brewster H. Jamieson
Marc D. Bond
Robert K. Stewart, Jr.

s/ R. Scott Taylor

Forest Oil's Response in Opposition to Marathon's
Cross-Motion for Partial Summary Judgment [Dkt. 72]           Case No. 3:06-cv-00102-TMB
*Marathon Oil Company vs. Forest Oil Corporation, et al.*                          Page 4 of 4