Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Defendant Unocal

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FOREST OIL CORPORATION; PACIFIC ENERGY ALASKA OPERATING LLC, UNION OIL COMPANY OF CALIFORNIA d/b/a UNOCAL ALASKA; and CHEVRON CORPORATION,<br><br>Defendants. | Case No. 3:06-cv-00102-TMB<br><br>**DECLARATION OF HOWARD G. BLUNK** |

I, Howard G. Blunk, declare as follows:

1. I have been retained by defendant Union Oil Company of California ("UOCC") as an expert witness in this matter. My expert report stating my opinions and qualifications is attached hereto as Exhibit A. I have personal knowledge of all things stated in this declaration. This declaration is submitted in support of UOCC's Reply to Motion for Summary Judgment, and Opposition to Cross-Motion for Partial Summary Judgment.

2. Under the controlling Trading Bay Unit Operating Agreement, the operator—which is now UOCC—has broad discretion to allocate platform costs, constrained only by the contractual requirement that the allocation be "fair and equitable."

3. Most Steelhead Platform costs are directly allocated to oil or gas production; the operator needs to choose an allocation methodology only for the shared platform costs that cannot be specifically allocated.

4. When Marathon was the operator of the Trading Bay Unit, it chose to allocate these shared costs based on respective volume of production, using the "total fluids" methodology.

5. When UOCC took over as operator it continued using "total fluids" to allocate shared costs, until installation of electric submersible pumps ("ESPs") at the platform significantly increased the water production of the oil wells, increasing the oil well's "total fluid" production without increasing platform costs or oil revenue.

6. UOCC changed to a Barrels of Oil Equivalent ("BOE") allocation after installation of the ESPs, which merely eliminated water from the production calculation, because "total fluids" was no longer a "fair and equitable" cost allocation.

7. BOE is a cost allocation methodology that is accepted in the industry and, like "total fluids," is a measure of production volume.

8. Under the circumstances, the change to BOE was more fair and equitable due to the increased water production, but any number of allocation methods, accepted within the industry, could fall within the broad scope of "fair and equitable."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 6th day of June, 2008.

_____
Howard G. Blunk

I certify that on June 9, 2008, a copy of the foregoing was served by ECF on:

Daniel T. Quinn  dquinn@richmondquinn.com
R. Scott Taylor  taylor@frozenlaw.com
Robert K. Stewart  bobstewart@dwt.com

/s/ Brewster H. Jamieson
017351.0041/164713.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Declaration of Howard G. Blunk**
*Marathon Oil v. Forest Oil, et al.* (Case No. 3:06-cv-00102-TMB))                                   Page 2 of 2