Daniel T. Quinn (8211141)
Marc G. Wilhelm (8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953

Attorneys for Plaintiff Marathon Oil Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>            Plaintiff,<br><br>   v.<br><br>FOREST OIL CORPORATION: PACIFIC ENERGY ALASKA OPERATING LLC, UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA,<br><br>            Defendants. | Case No. 3:06-cv-00102 TMB |

**MOTION TO STRIKE AFFIDAVIT OF MITCHELL FISCHBACH**

Marathon Oil Company moves to strike the Affidavit of Mitchell Fischbach, submitted in support of Forest Oil's Reply to Marathon's Opposition to Defendants' Motions for Summary Judgment.  This affidavit represents expert testimony by an undisclosed expert, in violation of the civil rules and this court's pretrial order.

Federal Rule of Civil Procedure 26(a)(2)(A) requires that each party disclose to other parties "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." The pretrial report required that "expert witness disclosures in accordance with Rule 26(A)(2) must be made no later than 90 days before the close of discovery." Also under the pre-trial order, the parties were required to list, not later than 45 days before the closure of discovery, a final witness list that "must include expert as well as lay witnesses. Only those witnesses so disclosed will be permitted to testify at trial." Pursuant to stipulations of the parties, and approved by the court, the deadline for final witness lists was 12/04/07, the deadline for expert disclosures was 4/7/08, and the close of discovery was 4/30/08.

Marathon and Unocal each filed final witness lists disclosing the experts they intended to call at trial by the court deadline. Each filed expert disclosures as required by Rule 26(A)(2) by the court deadline. Where parties were unable to meet deadlines, other parties were informed prior to the deadline, and extensions obtained by stipulation or motion. Thus, Forest had ample notice that Marathon and

Unocal intended to call experts well before the close of discovery. Forest, however, listed no experts on their final witness list, and provided no Rule 26(A)(2) disclosure. If Forest had second thoughts about its lack of an expert, it had ample opportunity to move the court to amend its witness list before the close of discovery.

Marathon assumed that Forest had chosen not to call an expert, but rely on Unocal's expert. Marathon relied on those disclosures in deciding whom to depose or not depose prior to the close of discovery. While Mr. Fischbach was deposed in 2007, no notice was given to Marathon prior to that deposition that he would be providing expert opinions, and the deposition was that of a lay witness. Thus, Marathon was very surprised to see the expert affidavit from Forest's employee, Mr. Fischbach, attached to their reply brief. The testimony of Mr. Fischbach, as an undisclosed expert, whose testimony is being offered in violation of the court's pre-trial orders, should be stricken.

Indeed, the subject of expert testimony was discussed between counsel for Marathon and Forest in connection with Forest's requests for extensions of time to file its reply brief. Forest was asked if a purpose of the

extension was to obtain a rebuttal expert. In response Forest represented that it was not using the extension to obtain an expert. See Exhibit A (memorandum of conversation). Thus there was an agreement between Marathon and Forest that Forest would not be obtaining a late liability expert. Admittedly, Marathon did not explicitly raise the issue of whether Forest was intending to use one of its own employees as a Rule 702 expert. But if this was Forest's intent, fairness would have required its disclosure.

There is no doubt that Mr. Fischbach is a Rule 702 expert, and not a lay expert under Rule 701. Evidence Rule 701 only applies where the testimony is not based on scientific, technical, or specialized knowledge. As noted in the notes regarding the 2000 Amendments to the rule, "Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Here, paragraph 2 of Mr. Fischbagh's affidavit, which sets forth his experience, establishes his opinions are based on specialized knowledge.

Forest's efforts to add an undisclosed expert to its witness list after the close of discovery, through the guise

of a supporting affidavit to a reply brief for summary judgment, is improper and should not be permitted. Pursuant to Civil Rule 37, a party that without substantial justification fails to disclose a witnesses as required by Rule 26(a) is not allowed to use at trial or on motion any witness not properly disclosed.

While the affidavit contains a mix of personal knowledge and expert opinions, as well as generally undisputed background facts, it is the expert opinions that relates to disputed areas. Accordingly, the affidavit should be stricken.

DATED this 18th day of July, 2008, at Anchorage, Alaska.

                RICHMOND & QUINN
                Attorneys for Plaintiff
                MARATHON OIL COMPANY

By:    s/Daniel T. Quinn
      RICHMOND & QUINN
      360 K Street, Suite 200
      Anchorage, AK  99501
      Ph: 907-276-5727
      Fax: 907-276-2953
      dquinn@richmondquinn.com
      ABA #8211141

By:    <u>s/ Marc G. Wilhelm</u>
      RICHMOND & QUINN
      360 K Street, Suite 200
      Anchorage, AK  99501
      Ph:  907-276-5727
      Fax:  907-276-2953
      <u>mwilhelm@richmondquinn.com</u>
      ABA #8406054

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 18th day of July, 2008 to:

| | |
|---|---|
| Robert K. Stewart, Jr.<br>DAVIS WRIGHT TREMAINE LLP<br>701 W. 8th Ave., Ste. 800<br>Anchorage, Alaska 99501 | Marc D. Bond<br>UNION OIL CO. OF CALIFORNIA<br>909 W. 9th Avenue<br>Anchorage, Alaska 99501-3339 |
| Jeffrey M. Feldman<br>R. Scott Taylor<br>FELDMAN ORLANSKY & SANDERS<br>500 L Street, Suite 400<br>Anchorage, Alaska 99501 | Brewster H. Jamieson<br>LANE POWELL<br>301 W. Northern Lights Blvd.,<br>Ste. 301<br>Anchorage, Alaska 99503 |

<u>s/ Marc G. Wilhelm</u>
  RICHMOND & QUINN

644\046\PLD\STRIKE AFFIDAVIT (MOTION)

## Marc Wilhelm

**From:** Daniel T. Quinn [dquinn@richmondquinn.com]
**Sent:** Wednesday, April 09, 2008 5:40 PM
**To:** 'Scott Taylor'
**Cc:** 'Jamieson, Brewster'
**Subject:** Marathon/Forest/Unocal

Scott,

Marathon agrees to your requested extension, until May 23, for Forest's opposition/reply brief. This agreement is conditioned on our understanding that Forest will not be using the extension to retain new experts, as you have advised that Forest does not intend to retain experts in this matter, and, in any case, the relevant deadlines have passed. If our understanding on this point is incorrect, please let us know. Also, Marathon will likely request a reasonable extension for its final reply brief, and we would not expect opposition to such a request.

If you have any questions, please give Marc or me a call.

Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501
(907) 276-5727 Phone
(907) 276-2953 Fax
http://www.richmondquinn.com
dquinn@richmondquinn.com

Exhibit A
Page 1 of 3 Pages

4/10/2008

# MEMO TO THE FILE

FROM:    DTQ

DATE:    4/15/08

CASE:    Marathon v. Forest Oil
         File No. 644.046

SUBJECT: Phone Call From Peggy At Scott Taylor's Office

---

The following is a voice message from Peggy at Scott Taylor's office, recorded on 4/15/08.

This is Peggy calling from Scott Taylor's office. I'm calling regarding the <u>Marathon Oil v. Forest Oil Company</u> case in Federal Court and I understand that Scott spoke to you about an extension to file our reply and opposition brief, and Scott is out of town but he did ask me to call you and respond to your e-mail that indicates that as long as we're not using this time to get additional experts that you didn't have any problem with the extension and so Scott asked me to let you know that their understanding on your point is correct and they won't be using it to gain additional experts and so we will be filing a motion for extension as unopposed today. So he did just want me to let you know that he agrees with your e-mail. If you have any questions, please give me a call.

Exhibit  A
Page  2  of  3  Pages

```
                272-3538 - 272-3538.  Thanks.

cc:   MGW, RLR, MNN




644\046\memos\voice msg. from Peggy, Scott Taylor's secretary
```

-2-

Exhibit _A_
Page _3_ of _3_ Pages