JEFFREY M. FELDMAN
Alaska Bar No. 7605029
R. SCOTT TAYLOR
Alaska Bar No. 8507110
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        feldman@frozenlaw.com
Email:        taylor@frozenlaw.com

Attorneys for Defendant Forest Oil Corporation


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE


| | |
|---|---|
| MARATHON OIL COMPANY, | |
| Plaintiff, | |
| v. | Case No. 3:06-cv-00102-TMB |
| FOREST OIL CORPORATION, PACIFIC ENERGY ALASKA OPERATING LLC, UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA, | **OPPOSITION TO MOTION TO STRIKE AFFIDAVIT OF MITCHELL FISCHBACH** |
| Defendants. | |


There is no merit to Marathon Oil Company's Motion to Strike Affidavit of

Mitchell Fischbach.  As the Director of Joint Venture Audit for Forest Oil Corporation,

Mr. Fischbach is an essential fact witness in this case.  He has been consistently included

on each and every party's initial disclosures and witness list and he was subjected to a

thorough deposition by Marathon on August 16, 2007. Mr. Fischbach is not an "undisclosed expert" and his testimony is not being offered in violation of any pre-trial order or court rule.

Each of the parties in this action has listed members of its auditing staff as fact witnesses who will testify at trial regarding the allocation of costs on the Steelhead Platform. None of these witnesses was designated as an "expert witness," although each of them has a professional background comparable to Mr. Fischbach's and will similarly testify from their "specialized knowledge" of oil and gas accounting. Marathon itself listed Mr. Fischbach as a fact witness on its Final Witness List, stating:

> Mr. Fischbach will testify regarding Forest Oil's cost allocation methodology relating to the Steelhead Platform – Grayling Gas Sands, from 1/01 through 12/02, as well as other periods, as well as other matters relating to auditing and allocation of costs.[1]

It is entirely appropriate that these witnesses testify from their specialized knowledge of the oil and gas accounting issues in this case, without being designated as expert witnesses. They are not retained experts, but employees of the parties who are the essential witnesses to the oil and gas platform cost allocation dispute that forms the basis of this lawsuit. In this respect, they are no different than treating physicians, who are routinely permitted to express expert opinions regarding their patients' injuries, treatment, and prognoses, even though they are not designated as expert witnesses on

---

[1]     Plaintiff Marathon Oil's Final Witness List at p. 4 [Docket 30].

Opposition to Motion to Strike Affidavit of Mitchell Fischbach
*Marathon Oil Company vs. Forest Oil Corporation, et al.*
Case No. 3:06-cv-00102-TMB                                    Page 2 of 5

pretrial disclosure lists.[2]  As a fact witness, Mr. Fischbach is simply not an expert witness subject to disclosure requirements.[3]

Moreover, Marathon's feint of surprise is transparent and unfounded.  As noted above, Marathon itself described the anticipated subject matter of Mr. Fischbach's fact testimony as regarding platform cost accounting and allocation methodology.  The affidavit that Marathon now seeks to strike is well within these topics.  Further, Marathon has deposed Mr. Fischbach on all of the topics included in his affidavit.  In his August 16, 2007 deposition, Mr. Fischbach testified about: total fluids, BOE, and well-count cost allocation methodologies; oil and gas industry accounting standards and practices; and his opinion as to when application of a methodology was no longer fair and equitable.[4] His affidavit is entirely consistent with this deposition testimony.

In any event, any failure to specifically designate Mr. Fischbach as an expert witness, even if required, is completely harmless under these circumstances. Excluding testimony is an authorized sanction only when the failure to disclose was neither "substantially justified" nor "harmless."[5]   The failure to make any further disclosure was certainly harmless here, where Marathon had timely notice and full

---

[2]     *See, e.g.*, *Zaverl v. Hanley*, 64 P.3d 809, 815 n. 13 (Alaska 2003) ("As a treating physician, Dr. Borden was eligible to express expert opinions even though he was not listed as an expert witness on defendant's pretrial disclosure lists."); *Miller v. Phillips*, 959 P.2d 1247, 1249-51 (Alaska 1998).

[3]     *Nelson v. Progressive Corp.*, 976 P.2d 859, 866 (Alaska 1999).

[4]     *See* Deposition of Mitch Fischbach (excerpt), attached as Exhibit 1, at pp. 21-22, 27-28, 43- 46, 52-53, 98-99.

[5]     Federal Rule of Civil Procedure 37(c)(1).

Opposition to Motion to Strike Affidavit of Mitchell Fischbach
*Marathon Oil Company vs. Forest Oil Corporation, et al.*
Case No. 3:06-cv-00102-TMB                                    Page 3 of 5

disclosure of Mr. Fischbach's existence as a material witness, knew the substance of his proposed testimony, and had already examined him at length on these topics in deposition. There can be no unfairness or prejudice to Marathon in the admission of Mr. Fischbach's testimony. Indeed, excluding Mr. Fischbach's testimony – and by implication the testimony of all the parties' employees with similar "specialized knowledge" of oil and gas accounting – would deprive the trier of fact of all essential fact witnesses to this dispute, rendering a fair trial impossible.

For all these reasons, Marathon's Motion to Strike Affidavit of Mitchell Fischbach should be denied.

Dated this 31st day of July, 2008.


s/ R. Scott Taylor

Jeffrey M. Feldman
R. Scott Taylor
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        feldman@frozenlaw.com
Email:        taylor@frozenlaw.com
[Alaska Bar No. 7605029]
[Alaska Bar No. 8507110]

Attorneys for Defendant Forest Oil Corporation

Opposition to Motion to Strike Affidavit of Mitchell Fischbach
*Marathon Oil Company vs. Forest Oil Corporation, et al.*
Case No. 3:06-cv-00102-TMB                                    Page 4 of 5

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2008, a copy of the **Opposition to Motion to Strike Affidavit of Mitchell Fischbach** was served electronically on:

Daniel T. Quinn
Marc G. Wilhelm
Brewster H. Jamieson
Marc D. Bond
Robert K. Stewart, Jr.


s/ R. Scott Taylor

Opposition to Motion to Strike Affidavit of Mitchell Fischbach
*Marathon Oil Company vs. Forest Oil Corporation, et al.*
Case No. 3:06-cv-00102-TMB                                    Page 5 of 5