Daniel T. Quinn (8211141)
Marc G. Wilhelm (8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953

Attorneys for Plaintiff Marathon Oil Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARATHON OIL COMPANY,<br><br>             Plaintiff,<br><br>     v.<br><br>FOREST OIL CORPORATION: PACIFIC ENERGY ALASKA OPERATING LLC, UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00102 TMB |

**REPLY TO MOTION TO STRIKE AFFIDAVIT OF MITCHELL FISCHBACH**

There is no question that Mr. Fischbach is an undisclosed expert witness. First, he is giving an opinion on one of the ultimate issues in this case, whether Unocal's cost allocation is "fair and equitable." He also has reviewed and criticizes the expert reports of Marathon's experts. Finally he relies on multiple sources of information, as would an

expert. Forest in fact does not dispute Marathon's position that Mr. Fischbach is not testifying under Rule 701.

Forest nevertheless claims that Mr. Fischbach is the equivalent of a treating physician, and therefore allowed to express opinions. There is admittedly a line of Alaska cases that allows percipient witnesses to an accident or event to discuss the events they observed and their opinions about their first hand observations. E.g., Miller v. Phillips, 959 P.2d 1247 (Alaska 1980; Getchell v. Lodge, 65 P.3d 50 (Alaska 2003); Marron v. Stromstad, 123 P.3d 992, 1001 (Alaska 2005). Thus, in Marron, the treating physician was allowed to discuss the relationship of discograms to his diagnosis and treatment decisions, and in Getchell the trooper who investigated the accident was allowed to discuss his opinions as to the cause of the accident, given that determining cause is part of his job. The court explained: "Trooper Leichliter's testimony incorporated both his observations as a percipient witness investigating the scene and his conclusions about causation based on over twenty-two years as a state trooper investigating accidents. Thus, we find that the label "expert" or "fact" witness lacks significance in this situation because Trooper Leichliter provided hybrid

testimony." <u>Id.</u> at 56. On the other hand, a treating physician is not allowed to testify as to matters that do not directly arise out his treatment of a patient, such a medical causation. <u>Miller</u>, 959 P.2d at 1250 n.3.

This case involves Marathon's disagreement with a <u>Unocal</u> decision to change an allocation methodology for a cost center. Mr. Fischbach did not participate in the events leading up to this change and is not being called upon to explain his involvement in events. He is at most an interested bystander. He is thus not the type of "hybrid witness" for which the expert disclosure rules are relaxed. Thus, the Alaska cases allowing testimony of percipient witnesses as to their observations have no applicability here.

Nor do the Alaska case set forth the federal standard under which this court operates. <u>See</u> <u>Silong v. U.S.</u>, 2007 WL 2712100, 6 (E.D. Cal. 2007)(treating physician required to be listed and provide expert report where testimony goes beyond personal involvement, i.e., his observations, diagnosis and treatment). As one sister court recently noted:

> Courts generally allow expert testimony by treating physicians without need for a report, provided that the opinions do not extend beyond treatment. Nevertheless, even if a party elects to call a

physician to testify solely to the treatment, the party must still, consistent with the court's scheduling order, disclose that person as someone he or she intends to call as an expert. "Disclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." The court held that "[f]ormal disclosure of experts is not pointless. Knowing the identify of the opponent's expert witnesses allows a party to properly prepare for trial. [The defendant] should not be made to assume that each witness disclosed by the [plaintiffs] could be an expert witness at trial."

Mealing v. City of Ridgefield, Washington, 2007 WL 1367603, 1 (W.D. Wash. 2007)(citations omitted). Indeed, the Federal civil rules specifically require the listing of all expert witnesses, even if they are not retained. Musser v. Gentiva Health Services, 356 F.3d 751, 757 (7th Cir. 2004)(the Federal Rules of Civil Procedure demand expert witness listing); Mansoor v. M/V ZAANDAM, 2006 WL 2222332, 2 (W.D. Wash. 2006)(Plaintiff was obliged to disclose his treating physicians as experts under Rule 26(a)(2)(A) to the extent he intends to have his physicians offer expert testimony under FRE 702, 703, or 705). Employees that serve as unpaid experts are nevertheless subject to Rule 26 disclosure requirements. See Funai Elec. Co. v. Daewoo Electronics Corp., 2007 WL 1089702, 3 (N.D. Cal. 2007)(discussing whether employee experts are required to provide written disclosures).

Nor has Forest shows that the failure to disclose was harmless. Marathon was indeed surprised by the use of Mr. Fischbach as an expert witness in connection with a reply brief, well after the close of discovery. Marathon did not have the chance to discover the opinions that Mr. Fischbach proposed to give, what he documents and materials he considered in reaching his opinions, or the basis for those opinions. If he had been timely named, Marathon could have requested a report or deposition to discover these matters. Nor is it fair for Mr. Fischbach to sit back and have the opportunity to review the Marathon and Unocal expert reports, and await for Marathon to file its summary judgment motion, prior to coming out of the closet as an expert.

Accordingly, Marathon would respectfully request that Mr. Fischbach's affidavit be stricken, and that Forest be precluded from using Mr. Fischbach as an expert witness in this case.

DATED this 11th day of August, 2008, at Anchorage, Alaska.

          RICHMOND & QUINN
          Attorneys for Plaintiff
          MARATHON OIL COMPANY

By:   s/Daniel T. Quinn
    RICHMOND & QUINN
    360 K Street, Suite 200
    Anchorage, AK  99501
    Ph:  907-276-5727
    Fax:  907-276-2953
    dquinn@richmondquinn.com
    ABA #8211141

By:   s/ Marc G. Wilhelm
    RICHMOND & QUINN
    360 K Street, Suite 200
    Anchorage, AK  99501
    Ph:  907-276-5727
    Fax:  907-276-2953
    mwilhelm@richmondquinn.com
    ABA #8406054

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 11th day of August, 2008 to:

| | |
|---|---|
| Robert K. Stewart, Jr.<br>DAVIS WRIGHT TREMAINE LLP<br>701 W. 8th Ave., Ste. 800<br>Anchorage, Alaska 99501 | Marc D. Bond<br>UNION OIL CO. OF CALIFORNIA<br>909 W. 9th Avenue<br>Anchorage, Alaska 99501-3339 |
| Jeffrey M. Feldman<br>R. Scott Taylor<br>FELDMAN ORLANSKY & SANDERS<br>500 L Street, Suite 400<br>Anchorage, Alaska 99501 | Brewster H. Jamieson<br>LANE POWELL<br>301 W. Northern Lights Blvd.,<br>Ste. 301<br>Anchorage, Alaska 99503 |

  s/ Marc G. Wilhelm
  RICHMOND & QUINN

**REPLY TO MOTION TO STRIKE AFFIDAVIT OF MITCHELL FISCHBACH**
MARATHON v. FOREST OIL, ET AL., CASE NO. 3:06-cv-00102 TMB
PAGE 6